## State Board of Undertakers v. Murphy

*Homer L. Kreider* and *Cyril L. Weston,* for appellant.

*Abraham J. Levy,* Special Deputy Attorney General, *George J. Barco,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for State Board of Undertakers.

WICKERSHAM, J., July 14, 1941.—This matter is before us on petition of defendant to have the court reconsider the order of December 30, 1936, and to enter an order sustaining the appeal of petitioner nunc pro tunc, April 24, 1939.

Our order of December 30, 1936, dismissed the appeal of this defendant, Thomas F. Kavannaugh, Jr., and LaGreca Funeral Parlors, Inc., and affirmed the action of the State Board of Undertakers, which board had revoked defendant's license for the reason

"That the respondent, Raymond A. Murphy, loaned his license to Anthony LaGreca, an unlicensed person, and/or to the corporate respondent, LaGreca Funeral Parlors, Inc., in violation of section 8 (*g*) of the Act of June 10, 1931, P. L. 485."

The appeal of this defendant and above-named parties was before us on a later occasion when, on July 13, 1937, we held (44 Dauph. 74) :

"The record before us discloses a joint appeal by the defendants. As the license of each one of the defendants was separately revoked by the Board we think that

a joint appeal will not lie and cannot be supported. . . . We think the appeal should be quashed."

At a later date a petition was presented by LaGreca Funeral Parlors, Inc., for a rule to show cause why an order theretofore entered dismissing the appeal of petitioner and revoking its license to practice undertaking should not be opened to permit the court to review and reconsider said order, when, on April 24, 1939, we held in 47 Dauph. 13:

"It appears from the record that this petitioner's license to practice undertaking was revoked because all of the officers of the corporation were not licensed undertakers actively engaged in the business of the corporation, and its appeal to this court was dismissed for that reason.

"In view of the opinion filed this day in the case of State Board of Undertakers v. Joseph T. Sekula Funeral Homes, Inc., . . . we think the opinion heretofore filed in the instant case was error and that petitioner's appeal should have been sustained. . . . It therefore appears that we, by our judgment in this case, did an injustice to the petitioner, and justice and equity require that it should be, as far as possible, corrected, · and therefore we make the following order. . . . that the order filed November 2, 1936, dismissing petitioner's appeal is revoked and set aside; and that the order of the State Board of Undertakers revoking the license and registration of LaGreca Funeral Parlors, Inc., is reversed and the appeal is sustained." For the purpose of this record we quote from our opinion in the Sekula case, decided March 7, 1939, 46 Dauph. 424, 426:

"The plaintiff proceeded against the appellant as if the Act of [June 21,] 1935 [, P. L. 398,] had never been passed and took testimony to show that one of the two officers of the corporation was not 'actively engaged in the conduct of the business of said corporation.' We think the said amended section 13 [Act of June 10,

1931, P. L. 485] by the Act of 1935 is clear when it states: 'the provisions of this act shall not be construed as preventing the conducting of the business or profession of undertaking by a corporation heretofore licensed if such corporation is registered by and conforms with such rules and regulations as the board may prescribe with relation thereto.' Ignoring section 13 of the Act of 1931 which has now been superseded by the Amendment of 1935, plaintiff has not produced any evidence that defendant failed to 'conform with such rules and regulations as the board may prescribe.'

"Inasmuch as plaintiff has proceeded against appellant under the wrong Act of Assembly we consider it unnecessary to discuss the testimony.

"We are of opinion that for the foregoing reasons the appeal must be sustained and the order of the plaintiff must be reversed and set aside."

In consideration of the amending Act of June 21, 1935, P. L. 398, above referred to, and our decision in the Sekula case, we also decided on the same date, March 7, 1939, in the case of State Board of Undertakers v. Harmon, 46 Dauph. 422, 423, 424, said Harmon theretofore having had his license revoked for loaning it to the Sekula Funeral Homes, Inc.:

"We can find no evidence that defendant loaned, borrowed or used the license of another person. He is a salaried officer of the Joseph T. Sekula Funeral Homes, Inc., as well as a licensed undertaker. The said corporation did not borrow defendant's license because it had its own undertaker's license. Both the corporation and this defendant have a lawful right to practice undertaking; both of them are licensed undertakers. We think, therefore, that the revocation of defendant's license on the charge of having violated section 8 (g) of the Act of 1931, P. L. 485 . . . was arbitrary, capricious and without any justification whatever. . . .

"For the reasons above set forth we are of opinion that the appeal must be sustained and the order of the plaintiff must be reversed and set aside."

Since the passage of the amending Act of 1935 and our latest decisions in the LaGreca, Sekula, and Harmon cases, it is the contention of defendant, by his present petition now before us, that the order of the State Board of Undertakers revoking his license because he had loaned it to Anthony LaGreca and the LaGreca Funeral Parlors, Inc., should be set aside, and his appeal sustained, inasmuch as LaGreca Funeral Parlors, Inc., had its own undertaking license, and therefore there was no need for it to borrow the license of defendant. For the delay in filing the present petition defendant's counsel states his reason to be his efforts to have this matter adjusted without coming into court, and the correspondence between him and the Attorney General and his deputies relating thereto.

We are in accord with defendant's contention. Since the decision in the Harmon case, supra, we are of opinion that defendant did not loan his license to LaGreca Funeral Parlors, Inc., as it was not necessary to do so, said corporation having its own undertaking license, and therefore the action of the board revoking defendant's license must be reversed and the appeal sustained.

And now, July 14, 1941, the rule granted on plaintiff's petition is made absolute; our order of December 30, 1936, dismissing defendant's appeal, is revoked; the order of the State Board of Undertakers dated July 27, 1936, revoking defendant's undertaker's license, is reversed; the appeal is sustained; and the State Board of Undertakers is directed to issue to Raymond A. Murphy an undertaker's license upon payment by defendant of the fee required therefor. Costs to be paid by plaintiff.